[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a final judgment and decree of divorce. The issue presented for our review is whether Voluntary Separation Incentive payments that Mark K. Grooms will receive after termination of the marriage is marital property subject to an equitable division by the domestic relations court pursuant to R.C. 3105.171. The trial court found that they are not marital property, and it awarded the entire benefit to Mark K. Grooms. We find no error or abuse of discretion in that order and will, therefore, affirm the judgment of the trial court.
 I.
Mark K.[1] and Terri A. Grooms were married in 1983. In 1992, they decided to take advantage of the Voluntary Separation Incentive ("VSI") opportunity available to Mark upon his early separation from active military service. He had then been in the military service for 9.8 years. The annual VSI benefit payable to him for a period of eighteen years thereafter is $8,416.35. The parties decided to use those monies to permit Mark to go to school to train for a new occupation, which he did. Mark is now employed as a therapist.
Terri filed a complaint for divorce in 1996. The magistrate to whom the case was referred decided that Mark's VSI benefit is marital property, and she ordered the payments divided equally between the parties after the divorce and during the remaining term of the benefit. Mark objected. The trial court sustained Mark's objection, finding that Terri had no equitable interest in the benefit Mark will receive during those future years which would permit its classification as marital property subject to a division. The court awarded the future benefits to Mark as his separate property.
Terri filed a timely notice of appeal. She presents a single assignment of error, arguing that the trial court erred in determining Mark's VSI benefit to be his separate property and not subject to division.
Pursuant to R.C. 3105.171, a domestic relations court that enters a decree of divorce must order the distribution and/or division of all property or any interests therein that the parties or either of them owns. The court must first identify those properties and classify each as marital or separate. Marital property must be divided between the spouses equitably. Separate property must be disbursed to the spouse whose separate property it is.
Property which a former spouse acquires after a decree of divorce is not marital property because the decree has terminated the marriage and the right of the other former spouse to share in it. However, when the value of that property is affected by contributions which the other former spouse made during the marriage, he or she is entitled to receive a proportionate share of it as marital property. A prime example of an asset of that kind is a pension retirement account to which contributions were made by the parties during the marriage but from which benefits are not payable until some point in time after the decree.
Here, Mark's remaining VSI benefits are payable after the decree. Whether Terri is then entitled to an equitable share of them depends on whether she made some contribution to them during the marriage which would permit the domestic relations court to classify the benefits as marital property.
In McClure v. McClure (1994), 98 Ohio App.3d 27, we reasoned that the husband's VSI benefits were more closely analogous to severance benefits than to retirement benefits because, notwithstanding the fact that their amount increases with years of service, "VSI benefits attempt to compensate a separated service member for future lost wages." Id., at 41. Underscoring our application of the rule in that case was the fact that the recipient had been forced by his employer to apply for VSI.
A forced separation of the kind involved in McClure does not necessarily foreclose a division of the benefit, however, and neither does a voluntary participation in the VSI program require a division. The paramount issue is whether the other former spouse contributed in some fashion to the benefit, so that his/her interests are otherwise affected by its payment. Thus, where a former spouse's expected retirement pension benefit is diminished by the VSI benefit, the VSI benefit is divisible as marital property to an extent proportionate to any diminution of the amount the other former spouse would be entitled to receive from the retirement pension, which is itself marital property. Dennyv. Denny (April 12, 1996), Greene App. No. 95CA87, unreported.
Here, Mark's decision to apply for VSI was voluntary. However, there is no evidence that the payments he receives after the decree will in any way diminish a retirement benefit to which he is entitled, or Terri's share of it. Therefore, the VSI benefit that Mark receives is purely compensation for lost wages, and neither the wages he is paid after the decree of divorce nor monies paid to him in lieu thereof are marital property in which Terri is entitled to share.
The trial court did not err when it awarded Mark his post-decree VSI benefits as separate property. That is not to say that they are unavailable as a resource for his spousal support obligation to Terri. The trial court found that they were, and it made appropriate orders in that regard.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
[1] For purposes of clarity and economy, the parties will be identified by their first names.